REDMANN, Judge.
The chronological index of the pleadings and documents filed in this suit for alimony and child support occupies four legal-size pages. We footnote a few of the more important.[1] The decisive issue, how *834 ever, is whether a declaration of nullity of judgment is required by the husband’s having used a Virginia decree of separation (“divorce a mensa et thoro”) as (1) a divorce so as to terminate Louisiana pre-divorce alimony but (2) a separation so as to prevent an increase in permanent alimony when the husband himself had filed in the record (so as to defeat the wife’s action for an initial fixing of permanent alimony) the authenticated Virginia decree of permanent alimony. We hold that it is.
We first note that, as the husband correctly argues, the only issue brought before us by this July 26, 1979 appeal is the correctness of a June 28, 1979 judgment dismissing on exception of no right or cause of action the wife’s rule to increase post-divorce alimony, prior proceedings having been dismissed by a judgment of May 4, 1979, as to which this appeal would be too late.
We second note, nevertheless, that it is unacceptable that the husband attempts to use the Virginia separation based on the husband’s fault as (1) a divorce so as to stop alimony pendente lite but (2) a separation so as to prevent an increase in permanent alimony, notwithstanding that he himself introduced into the record the Virginia award of permanent alimony.
We therefore accept the wife’s lengthy and plaintive pleading titled “rule for . .. past due alimony ...” filed June 1, 1979, as a plea for whatever relief the trial court could give, C.C.P. 862,[2] from the injustice of using the same Virginia divorce decree (finding the husband at fault) to defeat both pre-divorce and post-divorce alimony. And we conclude that the correct response on the part of the trial court was not merely (in effect) to uphold its 1975 judgment terminating pre-divorce alimony but also to annul its May 4, 1979 judgment dismissing the March 27, 1978 rule for an increase in post-divorce alimony.
We now grant that relief by authority of C.C.P. 2164 as the only “just, legal and proper” judgment this record will tolerate under fundamental due process, equal protection and open court notions, La.Const. art. 1 §§ 2, 3 and 22.

Decree

The judgment of June 28, 1979 is therefore amended to clarify that the wife’s rule is dismissed only insofar as it sought pre-di- *835 vorce alimony, and the judgment is further amended to add:
“Further ordered, adjudged and decreed that the judgment of May 4, 1979 is annulled.”
This matter is remanded, effective immediately and notwithstanding the husband’s right to apply for rehearing or to the Supreme Court for writs, for hearing on the wife’s almost three-year-old rule of March 27, 1978 for increase in the $100 a month permanent alimony fixed by the Virginia court in 1975.
Costs of this appeal are to be paid by defendant Keith M. Casey.

. On June 25, 1974 these proceedings began as a wife’s suit for separation, alimony, child custody and support. The husband excepted to the Louisiana court’s jurisdiction and also pleaded the pendency of similar proceedings in Virginia. Those exceptions were overruled by the trial court and the Louisiana Supreme Court refused writs. Thereafter, by judgment signed November 7, 1974, alimony of $1,300 and child support of $1,200 monthly were fixed, commencing from June 25, 1974.
On December 17, 1974, the husband filed a petition alleging that he filed with it an authenticated copy of a Virginia “divorce” decree of November 12, 1974 and moved dismissal of this suit. That motion was set for hearing January 21, 1975.
On December 23 the wife obtained a rule, also set for January 21, for contempt and for $17,500 past due alimony.
On January 23, the trial court (1) “recognized .. . with full faith and credit” the Virginia decree “a copy of which was filed herein on December 17, 1974”; (2) reserved to the wife the right to have her entitlement to “alimony” and to child support determined “herein”; (3) gave judgment for $13,625 past due alimony and support; and (4) held the husband in contempt. That January 23 judgment said nothing expressly about the prior alimony and support judgment of November 7, but it did limit the past due alimony and support award to the amount that had accrued as of the husband’s filing on December 17 for recognition of the Virginia judgment.
The Virginia decree of November 12, 1974 was in fact a divorce “a mensa et thoro,” a separation from bed and board rather than a divorce “a vinculo matrimonii” (from the bond of matrimony). And it was plaintiff who by cross complaint (reconventional demand) obtained that judgment (on the basis of the husband’s fault) and it was plaintiff who in fact had already obtained, prior to the Louisiana judgment of January 23, a final divorce “a vinculo matrimonii” in Virginia on December 30, 1974.
No appeal was taken from the January 23 judgment. Instead, the wife filed on January 28 a petition for alimony and child support. That petition alleged that the Louisiana court had made its own the Virginia “judgment decreeing divorce.” The Louisiana court issued a show cause order.
The husband filed exceptions of no cause of action, lis pendens and no jurisdiction, all of which were overruled. Because he did not object to the arguably improper use of summary procedure by the dilatory exception at the same time he filed the declinatory exceptions to the jurisdiction and lis pendens (see La.C.C.P. 928), he waived that exception; C.C.P. 926.
On March 26, 1975, the husband’s answer admitted the wife’s allegation of the “judgment decreeing a divorce” but alleged both fault and *834 lack of need on the wife’s part as disqualifying her for permanent alimony.
On April 18, 1975, the wife obtained from the Virginia court a decree awarding her $100 alimony and $400 child support “to complete the [divorce] a vinculo decree already entered.”
Not until December 12, 1977, did the wife renew her demand for an alimony award from the Louisiana court (though other skirmishing had occurred meanwhile). On that day she filed another petition for alimony alleging divorce (although with the wrong date) in Virginia and the recognition of that divorce by the Louisiana trial court, but not mentioning the Virginia alimony decree. The husband, however, filed an authenticated copy of the Virginia decree with an exception of res judicata.
The husband’s exception of res judicata was maintained on March 23 and the wife was given leave to amend to seek alimony increase, which she did on March 27, 1978.
On April 14 the husband filed a “petition to determine fault,” asking that the wife be found at fault and “prohibited from claiming permanent alimony in these proceedings.” That pleading distracted the parties for the next year.
On May 4, 1979 after a hearing at which the husband “urged orally” an exception of “no right or cause of action ... to all pleadings filed herein on the basis that there is no judgment of divorce of record in these proceedings,” the trial judge sustained that exception “and this entire proceeding is dismissed.”
On June 1, 1979 (too late to be treated as a motion for a new trial after the May 4 judgment), the wife filed a rule attempting to make executory the $2,500 monthly temporary alimony and child support that had been fixed in 1974, on the theory that just as it prevented her suit for alimony increase, the failure to have the Virginia final divorce decree recognized should also prevent the husband from treating the alimony pendente lite as having been terminated by the Virginia final divorce. The husband’s exception of “no right or cause of action” was sustained on June 28, 1979 and the wife appealed on July 26.

. Except as provided in Article 1703, a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief.